Joseph FEATHERKILE, Petitioner–Appellant,

v.

Wanza JACKSON, Warden, Respondent–Appellee.

No. 10–3331.

United States Court of Appeals, Sixth Circuit.

Dec. 27, 2011.

BEFORE: COLE, MCKEAGUE, and GRIFFIN, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner–Appellant Joseph Featherkile was convicted by a Hamilton County, Ohio, jury on November 22, 1999, on four counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4). The trial court sentenced Featherkile to two years' imprisonment for the first count and five years for each of the three remaining counts, all to be served consecutively, for a total of seventeen years. Featherkile was resentenced in 2006 under the new, discretionary sentencing regime ushered in by the Ohio Supreme Court's application of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to the Ohio's sentencing structure. *See State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). At his 2006 resentencing, the court imposed the same term of imprisonment-seventeen years. After exhausting his remedies before the Ohio appellate courts, Featherkile filed a petition for a writ of habeas corpus, arguing that his resentencing based on the new discretionary sentencing procedure violates the *ex post facto* and due process clauses of the Fourteenth Amendment to the United States Constitution. In particular, Featherkile argues that his new sentence imposes a new and retroactive punishment because it is greater than the "presumptive minimum" sentence applicable prior to *Foster*. The district court denied the petition.

Featherkile's claim is the same as that advanced by the petitioner in our recent case of *Ruhlman v. Brunsman*, 664 F.3d 615 (6th Cir.2011). As we explained in *Ruhlman*, resentencings pursuant to Ohio's discretionary sentencing scheme established by *Foster*, even when it results in a sentence greater than the pre-*Foster* presumptive minimum sentence, do not violate *ex post facto* or other due process clause principles. *Ruhlman*, 664 F.3d at 619–24. Thus, for the reasons stated in *Ruhlman v. Brunsman*, we AFFIRM the denial of the petition by the district court for a writ of habeas corpus.